UNITED STATES of America and Nick DiFalco, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

INCOME REALTY AND MORTGAGE, INC. and William Riley, Respondents,

and

Donald U. West, Applicant-Intervenor-Appellant.

UNITED STATES of America and Nick DiFalco, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

ARAPAHOE BANK AND TRUST and David F. Clark, Assistant Vice President, Respondents,

and

Donald U. West, Intervenor-Appellant.

UNITED STATES of America and Nick DiFalco, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

Jullius GOEBEL, Security Officer, First National Bank of Denver—Mastercharge, Respondent,

and

Donald U. West, Intervenor-Appellant.

UNITED STATES of America and Nick DiFalco, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

Robert G. SHIVLOCK, Vice President, First Denver Mortgage Co., Respondent,

and

Donald U. West, Intervenor-Appellant.

Nos. 78–2036, 78–2048 to 78–2050.

United States Court of Appeals, Tenth Circuit.

Argued July 17, 1979.

Decided Oct. 22, 1979.

Rehearing Denied Nov. 26, 1979.

John A. Dudeck, Jr., Tax Div., Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Charles E. Brookhart, Tax Div., Dept. of Justice, Washington, D. C., of counsel, Joseph F. Dolan, U. S. Atty., and Donald M. Hoerl, Asst. U. S. Atty., Denver, Colo., on the brief), for petitioners-appellees.

Roger P. Barrick, Boulder, Colo., for applicant-intervenor-appellant.

Before HOLLOWAY, McWILLIAMS and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Donald U. West, the taxpayer, appeals from the order of the trial court enforcing four Internal Revenue summonses. The four separate appeals have been consolidated in this Court and all will be treated in this opinion.

In 78–2048, 78–2049 and 78–2050 an IRS summons was issued to a financial institution to produce its business records concerning taxpayer's various accounts. These three financial institutions were deemed by the IRS to be third-party recordkeepers, and accordingly notice was given the taxpayer of the service of the summons as required by 26 U.S.C. § 7609(a). In each of these proceedings the taxpayer instructed the financial institution involved not to comply with the summons, and the taxpayer was thereafter allowed to intervene in the enforcement proceedings. Upon hearing, the taxpayer sought to have enforcement denied on the ground of harassment.

The trial court, after an evidentiary hearing, found that the IRS was not guilty of harassment and ordered enforcement.

In 78–2036 an IRS summons issued to Income Realty and Mortgage Company, Inc. to produce taxpayer's employment application and resumé, IRS Forms W–2, W–4 and 1099, payroll ledger cards, and all cancelled checks paid to and on behalf of the taxpayer. In this regard, it was the IRS's belief that the taxpayer was, or had been, a salesman for Income Realty and that such being the case 26 U.S.C. § 7609 did not require notice to the taxpayer of the issuance of the summons. The taxpayer, however, learned of its issuance, and instructed Income Realty not to comply with the summons. Taxpayer thereafter sought to intervene in the enforcement proceeding as it related to Income Realty. Intervention was denied, and the trial court ordered enforcement of the summons. In No. 78–2036 taxpayer appeals from that particular order.

In ordering enforcement the trial court filed a detailed Memorandum Opinion which now appears as *United States v. Shivlock,* 459 F.Supp. 1383 (D.Colo.1978). We agree with the trial court that each of these four IRS summonses be enforced, and we generally subscribe to the trial court's analysis of the matter as set forth in its Memorandum Opinion.

■ As concerns the order which directs enforcement of the summons served on the three financial institutions, the record clearly indicates that each was issued for a legitimate purpose of obtaining needed information to determine taxpayer's civil tax liability; that any chance of criminal prosecution was incidental to the present purpose of the investigation; that the information sought was not then in possession of IRS; and that the administrative steps required by the Code had been followed. Based on such record the trial court concluded that the Government had met its burden of establishing the requirements necessary for enforcement of the summonses under *United States v. La Salle National Bank,* 437 U.S.

298, 98 S.Ct. 2359, 57 L.Ed.2d 221 (1978) and *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

Additionally, the trial court rejected the suggestion of taxpayer that the summonses had issued for the purpose of harassing taxpayer and that because of such lack of good faith the summonses represented an abuse of process. The record supports a finding of "no harassment," and taxpayer's evidence in support of the suggestion of harassment is indeed meager. Under *Powell* the burden of proving harassment is on taxpayer, and there is nothing in the instant record to indicate harassment in the sense that term is used in *Powell*. In sum, the trial court properly ordered enforcement of the three summonses issued to the three financial institutions.

As concerns the summons issued Income Realty, the trial court denied intervention to the taxpayer on the alternative ground that Income Realty was not a third-party recordkeeper under 26 U.S.C. § 7609 nor were the records sought within the scope of that section. We agree.

 26 U.S.C. § 7609 defines "third-party recordkeeper" as including any broker as that term is defined in section 3(a)(4) of the Securities Exchange Act of 1934. 15 U.S.C. § 78c(a)(4). The evidence indicated that Income Realty had in the past marketed and sold land contracts on real property. Income Realty has itself taken the position that it was *not* a securities broker under federal law. The United States Securities and Exchange Commission had not taken any formal position on the status of Income Realty. Colorado Securities Division was in the process of determining whether Income Realty was subject to licensing under state law. Be all that as it may, the record is such as to clearly support the trial court's finding that Income Realty had not been shown to be a broker under the meaning of that term as used in 26 U.S.C. § 7609. Under that statute, if Income Realty is not a broker, then it is not a third-party recordkeeper.

The trial court also found that the records sought from Income Realty were not the type of records contemplated by 26 U.S.C. § 7609. The records sought were taxpayer's employment records with Income Realty, it being IRS's belief and position that Income Realty was taxpayer's putative employer. The record indicates that taxpayer has himself made no investments with or through Income Realty. Such being the case, the trial court concluded that *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1970) governs, and that since taxpayer himself had no proprietary interest in the records sought to be produced, permissive intervention was not in order. In thus holding, the trial court also relied on the rationale of *United States v. Exxon*, 450 F.Supp. 472 (D.Md. 1978).

All four judgments are affirmed. Pursuant to F.R.A.P. 41, the mandates shall issue forthwith.