611 F.2d 809
 80-1 USTC P 9166
 UNITED STATES of America and Charles O. Onstott, Jr.,
Special Agent, Internal Revenue Service,
Petitioners-Appellees,
v.
Terry TRAYNOR, Intervenor-Appellant.
UNITED STATES of America and Gene E. Turley, Special Agent,
Internal Revenue Service, Petitioners-Appellees,
v.
Stephen JONES, Respondent-Appellant,
and
G. Maureen Townsend, Intervenor-Appellant.
 Nos. 78-1798 to 78-1805, 78-1827 and 78-1828.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Sept. 10, 1979.
Decided Dec. 20, 1979.
 
 M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Charles E. Brookhart, and William A. Whitledge, Tax Div., Dept. of Justice, Washington, D. C., for petitioners-appellees; Larry D. Patton, U. S. Atty., Oklahoma City, Okl., of counsel.
 Stephen Jones, Oklahoma City, Okl., for intervenor-appellants.
 Before McWILLIAMS, BREITENSTEIN and LOGAN, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 These ten appeals have been companioned in this Court inasmuch as all relate to orders of the district court enforcing Internal Revenue Service summonses. In Nos. 78-1798 through 78-1805, Terry Traynor, the intervening taxpayer in the district court, appeals orders of the district court enforcing seven IRS summonses. In Nos. 78-1827 and 78-1828, Jones, the respondent, and Townsend, the intervening taxpayer, appeal an order of the district court enforcing an IRS summons. All appeals have certain common issues.
 
 Traynor's Appeals
 
 2
 A special agent of the IRS was assigned to conduct an investigation into the income tax liabilities of Terry Traynor for the years of 1974 through 1976. As a part of such investigation, the agent issued seven IRS summonses to third parties seeking information concerning Traynor's tax liabilities. Five of the summonses were issued to financial institutions seeking their business records relating to Traynor. One summons was issued to an income tax preparer, seeking information relating to Traynor's tax returns. The seventh summons was issued to one Bruce Lowrance seeking records of all monetary transactions between Lowrance and Traynor for the years under investigation.
 
 
 3
 In order to obtain compliance with these seven summonses, the IRS instituted the present proceeding to obtain orders to enforce. Traynor intervened in the actions against the five financial institutions, as well as the one against the tax preparer. Lowrance, a former business partner of Traynor's, was found not to be a third-party recordkeeper and Traynor was denied intervention in that action. Following hearings, the district court ordered that all summonses be enforced. Traynor now appeals.
 
 Jones and Townsend Appeal
 
 4
 Jones is a practicing attorney in Enid, Oklahoma, and he represents all appellants in these ten appeals. In 1976 he was retained by Townsend to represent her in certain legal matters and in connection with such employment she requested that Jones keep confidential all circumstances of his representation of her. An IRS summons was issued Jones seeking information from Jones's business records concerning monies paid to, by or for Townsend by Jones. Townsend intervened in the enforcement proceeding. Following hearings at which the IRS established that it had met the requisites for enforcement of the summons, the district court ordered the summons enforced. Jones and Townsend appeal that order.
 
 
 5
 In all appeals it is argued that the IRS summons was issued in bad faith in that a decision to recommend criminal prosecution had in fact already been made. The record does not support such a contention. The agents in question denied that any such decision had been made, and certainly from an institutional standpoint, there had been no such decision. In each instance the IRS met its initial burden of establishing the requirements necessary for enforcement. The taxpayers, however, did not meet their burden of showing bad faith. Under such authorities as United States v. La Salle National Bank, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), and United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the district court correctly ordered the summonses enforced.
 
 
 6
 In the Jones-Townsend appeal it is argued that for Jones to produce the requested documents would violate the attorney-client relationship between Jones and Townsend. We disagree. This particular matter is governed by United States v. Hodgson, 492 F.2d 1175 (10th Cir. 1974), which is directly in point. In the circumstances of the case at bar the records and information sought from Jones were not protected by the attorney-client privilege. Baird v. Koerner, 279 F.2d 623 (9th Cir. 1960), relied on by counsel, is inapposite.
 
 
 7
 Complaint is made that it was error to deny intervention to Traynor in the summons issued to Lowrance. Counsel concedes that there was no mandatory right to intervene, but claims a permissive right to intervene. The latter is a matter lying within the sound discretion of the trial court, and, under the circumstances, we find no abuse of that discretion.
 
 
 8
 We reject the further suggestion that should the enforcement orders be affirmed, the taxpayer and her counsel have the right to be present when the respondents produce the requested records, and to actively participate in such proceedings. No persuasive authority has been cited in support of this rather novel suggestion.
 
 
 9
 Many of the arguments here presented were recently considered and rejected by us in United States v. Income Realty & Mortgage, Inc., 612 F.2d 1224 (10th Cir. 1979).
 
 
 10
 Judgment affirmed.