614 F.2d 690
 UNITED STATES of America and Kenneth Batson, Special Agent
of the Internal Revenue Service, Petitioners-Appellees,
v.
Dennis FAHEY, District Manager, World Savings and Loan, Respondent,
Frank Kowalik, Jr. and Karen Kowalik, Intervenors-Appellants.
UNITED STATES of America and Kenneth Batson, Special Agent
of the Internal Revenue Service, Petitioners-Appellees,
v.
Trudy HAUGSNESS, Vice President, Columbia Savings and Loan, Respondent,
Frank Kowalik, Jr. and Karen Kowalik, Intervenors-Appellants.
UNITED STATES of America and Kenneth Batson, Special Agent
of the Internal Revenue Service, Petitioners-Appellees,
v.
Clarence JOHNSON, Auditor, Central Bank and Trust, Respondent,
Frank Kowalik, Jr. and Karen Kowalik, Intervenors-Appellants.
UNITED STATES of America and Kenneth Batson, Special Agent
of the Internal Revenue Service, Petitioners-Appellees,
v.
INCOME REALTY and Bill Riley, President, Respondents,
Frank Kowalik, Jr. and Karen Kowalik, Intervenors-Appellants.
 Nos. 79-1356 to 79-1358 and 79-1360.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Nov. 9, 1979.
Decided Jan. 9, 1980.
 
 Frank Kowalik, Jr., and Karen Kowalik, pro se.
 M. Carr Ferguson, Asst. Atty. Gen., and Gilbert E. Andrews, Chief, Tax Div., Dept. of Justice, Washington. D. C., Joseph F. Dolan, U. S. Atty., Denver, Colo., for petitioners-appellees.
 PER CURIAM.
 
 
 1
 Before BARRETT, McKAY and LOGAN, Circuit Judges.
 
 
 2
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). Appellants' motion to transfer these cases from Calendar D to Calendar B is denied and the causes are therefore ordered submitted without oral argument.
 
 
 3
 These are appeals from orders of the district court directing enforcement of four summonses issued to third parties by the Internal Revenue Service. The taxpayers instructed the third party defendants to disregard the summonses and intervened in the suits.
 
 
 4
 The taxpayers argue first that the United States government is without authority under the constitution to bring civil actions against citizens, and that the court therefore lacks jurisdiction to enforce these IRS summonses. This argument, though creative, is frivolous.
 
 
 5
 The taxpayers' brief also suggests that the IRS is actually achieving criminal ends in this investigation under the guise of civil processes. This contention also lacks merit. The government established a prima facie case that the issuance of these summonses was in furtherance of a valid civil tax determination purpose. The taxpayers offered no proof in contradiction. See United States v. MacKay, 608 F.2d 830, at 834 (10th Cir. 1979).
 
 
 6
 AFFIRMED.