**UNITED STATES of America and Larry D. Thompson, Special Agent, Internal Revenue Service, Petitioners-Appellees,**

v.

**William D. OMOHUNDRO, Attorney at Law, Attorney for Jim's Water Service, Inc., Respondent,**

**Jimmie D. and Cheryl Rodgers and Jim's Water Service, Inc., Intervenors-Appellants.**

**UNITED STATES of America and Larry D. Thompson, Special Agent, Internal Revenue Service, Petitioners-Appellees,**

v.

**Larry D. HOLST, C.P.A., Respondent,**

**Jimmie D. and Cheryl Rodgers and Jim's Water Service, Inc., Intervenors-Appellants.**

**UNITED STATES of America and Larry D. Thompson, Special Agent, Internal Revenue Service, Petitioners-Appellees,**

v.

**Jimmie D. RODGERS, Respondent,**

**Jimmie D. and Cheryl Rodgers and Jim's Water Service, Inc., Intervenors-Appellants.**

**Nos. 79–1545 to 79–1547.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Feb. 14, 1980.

Decided March 21, 1980.

Aaron Philip Rosenfeld, Atty., Tax Div., Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Charles E. Brookhart, Attys., Tax Div., Dept. of Justice, Washington, D. C.; Charles E. Graves, U. S. Atty., Cheyenne, Wyo., of counsel), for petitioners-appellees.

Joseph H. Thibodeau, Denver, Colo., for intervenors-appellants.

Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.

PER CURIAM.

These consolidated appeals challenge the district court's enforcement of three administrative summonses issued by the Internal Revenue Service (IRS) during the course of an investigation of the tax liability of Jim's Water Service, Inc. Two summonses were issued respectively to the corporate taxpayer's attorney and accountant, as third-party recordkeepers and the third summons was issued to Jimmie D. Rodgers as the president of the taxpayer. The summonses were virtually identical in scope and sought production of specific financial, accounting and other corporate records of the taxpayer.

When respondents refused to produce the summoned documents, the government commenced the underlying enforcement actions. The third-party recordkeepers/respondents answered the district court's order to show cause individually, stating that the taxpayer had utilized the automatic stay provision of 26 U.S.C. § 7609(b)(2) by instructing them not to comply with the summonses. Rodgers, the individual respondent, answered with a broad objection which included his contention that the summons had been issued to him in bad faith, in violation of both the Internal Revenue Code and IRS internal procedures. In addition, he suggested that the summons was overbroad. The district court allowed Jimmie D. and Cheryl Rodgers, individually, and the corporate taxpayer, who each claimed an interest in the summoned records, to intervene in the enforcement proceedings.

■ After an extensive evidentiary hearing, during which a total of ten witnesses testified, the district court directed that the summonses be enforced. Specifically, the district court found that the summonses had been issued properly and in good faith pursuit of legitimate tax determination objectives, and that criminal prosecution had neither been commenced nor recommended.

No useful purpose would be served by a detailed summary of the testimony. Suffice to say the district court's findings are well supported by the record and are by no means clearly erroneous. *See United States v. Coopers & Lybrand,* 550 F.2d 615 (10th Cir. 1977).

The threshold issue here is simply whether the district court properly enforced the summonses. Most of the appellate questions raised in these cases have been answered clearly and definitively by our recent decisions. *United States v. Income Realty and Mortgage, Inc.,* 612 F.2d 1224 (10th Cir. 1979); *United States v. MacKay,* 608 F.2d 830 (10th Cir. 1979); *United States v. Fahey,* 614 F.2d 690 (10th Cir. 1980).

■ In the cases presently before us, appellants' principal complaint appears to center on their claim that the IRS, in bad faith, is attempting to gather evidence for an anticipated criminal prosecution through the subterfuge of civil process. There was ample evidence that the summonses were issued in furtherance of a proper civil tax determination purpose. During the hearing, petitioners candidly acknowledged that the summoned information may ultimately have some potential use in a criminal context. Because of that testimony, appellants insist that the burden of proof shifted to petitioners in order to show the present vitality of the civil tax purpose of the investigation. Appellants made the same argument in their earlier and closely related appeal. *United States v. MacKay, supra.* We rejected it in *MacKay* and reject it here. There was a *prima facie* showing that petitioners had satisfied the requirements for enforcement set out in *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978) and *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Nothing further was required. Intervenors' attempt to show any kind of improper investigative purpose fell far short of the mark.

Appellants contend that the summonses should not be enforced because the IRS failed to give notice of an additional inspection as required by 26 U.S.C. § 7605(b). The individual intervenor-appellants state that the IRS has already examined certain of their records and that these summonses marked the beginning of a second investigation. The contention is frivolous. The summonses in these cases sought *not* the records of the *individual* taxpayers, but rather those of the corporate taxpayer. Further, there was clear evidence that the summoned records had never been examined or in the possession of the petitioners.

■ Because of the summons directed to Mr. Omohundro, a practicing attorney, it is claimed that the requested documents in his possession are protected from compelled disclosure by the attorney-client privilege. The documents involved in this appeal include corporate minutes, financial statements and some information regarding corporate assets. It was not shown that Omohundro prepared any of these documents. Similarly, it was not shown that the documents would be privileged from disclosure if in the hands of the taxpayer-client. The summons issued to Omohundro was properly enforced. *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *United States v. Jones,* 611 F.2d 809 (10th Cir. 1979).

The orders appealed from are affirmed.