**UNITED STATES of America and Donald E. Merrill, Special Agent of the Internal Revenue Service, Petitioners-Appellees,**

v.

**FIRST NATIONAL BANK OF the BLACK HILLS, MT. VIEW BRANCH, Respondent,**

**Doyle W. Hester, Intervenor-Appellant.**

No. 80–1091.

United States Court of Appeals, Eighth Circuit.

April 23, 1980.

Doyle W. Hester, pro se.

M. Carr Ferguson, Gilbert E. Andrews, Charles E. Brookhart and David I. Pincus, Attys., Tax Div., Appellate Section, Dept. of Justice, Washington, D. C., for appellees.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

ORDER

The government has moved this court to vacate the district court's stay of its ordered enforcement of a third-party IRS summons directed to the First National Bank. On March 20, 1980, we directed the intervenor-appellant, taxpayer Doyle W. Hester, to show cause why the stay should not be vacated. Our March 20 order noted that, insofar as it then appeared, taxpayer's motion for stay pending appeal was without factual or legal support. We specifically noted that taxpayer's assertion that the district court lacked jurisdiction to enforce the IRS summons was frivolous on its face.

Taxpayer, pro se, has supplied us with his appellate brief as a response to our March 20 order. Taxpayer makes no argument that he has made a showing of sufficient justification to preclude enforcement of the summons under *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). As indicated in the March 20 order, taxpayer's arguments that the IRS and the district court lacked authority to issue and to enforce the summons are without merit. *See United States v. Fahey*, 614 F.2d 690, 45 A.F.T.R.2d 80–548 (10th Cir. 1980).

Because taxpayer has established no likelihood of success on appeal on the merits, the stay pending appeal is hereby vacated.[1]

---

1. In granting the stay pending appeal, the district court relied on language in *United States v. Olson*, 604 F.2d 29 (8th Cir. 1980), which indicated that the losing taxpayer in a summons case should receive a limited stay to give him time to seek a stay from this court, lest enforcement of the summons moot the taxpayer's appeal and "thwart[ ] taxpayer's opportunity for redress." *Id.* at 31 n. 2. The stay may still be vacated before appeal, however, if the taxpayer does not timely seek a stay from this court or if, as here, the government has moved to vacate the stay and the taxpayer has failed to make the required showing to merit a further stay pending appeal.