620 F.2d 193
 80-1 USTC P 9374
 UNITED STATES of America and Raymond W. Carpenter, Revenue
Agent of the Internal Revenue Service, Appellees,
v.
NATIONAL BANK OF SOUTH DAKOTA, by and through Lucille Crow,
Vice-President,
v.
Denver B. CANFIELD, Appellant.
 No. 79-2069.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 21, 1980.
Decided April 25, 1980.
 
 Denver B. Canfield, pro se.
 M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Charles E. Brookhart, Philip I. Brennan, Attys., Tax Div., Dept. of Justice, Washington, D. C., filed brief for appellee.
 Before HEANEY, ROSS and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from orders enforcing an IRS summons and denying taxpayer-intervenor's motions for an evidentiary hearing. Pursuant to an investigation into taxpayer's civil income tax liability, Internal Revenue Agent Raymond W. Carpenter issued a summons directing vice-president Lucille Crow of the National Bank of South Dakota to appear before him, testify, and produce bank records pertaining to taxpayer. The material sought was described with reasonable particularity, it was not already in the possession of the IRS, and it was deemed necessary to investigate taxpayer's federal tax liability. At the time the summons was issued the revenue agent had not recommended taxpayer be prosecuted for any matter connected with the investigation, and the IRS did not abandon, in an institutional sense, its pursuit of taxpayer's civil tax liabilities.
 
 
 2
 The IRS instituted the instant proceedings to obtain an order enforcing the summons. The district court[1] issued a show cause order requiring the bank to explain why the summons should not be enforced, allowed taxpayer to intervene, denied taxpayer's motion to dismiss, and ordered the summons enforced. The district court thereafter denied taxpayer's motion for reconsideration and an evidentiary hearing, but stayed the order of enforcement until a final decision was reached on appeal or until the time for appeal had elapsed.
 
 
 3
 Taxpayer appeals.
 
 
 4
 The sole contention in taxpayer's five-page pro se appellate brief appears to be that his constitutional rights have been lost in the mixing of this "quasi civil/criminal action." As he concludes, "(T)he issues to be resolved by this Court of Appeals are (1) Jurisdiction under title 26 U.S.C., and (2) Whether any United States Court may combine civil and criminal in the same proceeding."[2]
 
 
 5
 The Commissioner of Internal Revenue has the power to summon books and records and take testimony to determine, inter alia, the correctness of a return and actual tax liability. 26 U.S.C. § 7602. The district courts have authority to compel compliance with those summonses. 26 U.S.C. §§ 7402(b), 7604(a). The constitutionality of the summons enforcement statutes, as well as the judicial power to enforce summonses, has been upheld by the Supreme Court. Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). In this case the requirements of United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and United States v. LaSalle National Bank, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), were met and taxpayer has not shown the summons was issued for an improper purpose. See Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964). Thus the district court properly ordered the summons enforced.
 
 
 6
 On appeal the government seeks to contest the grant of the stay by the district court.[3] Because the stay was issued pending this appeal and this court's affirmance of the district court order enforcing the summons dissolves the stay, we need not and do not consider the propriety of the stay. The order of the district court enforcing the summons is affirmed and the stay pending appeal is dissolved.
 
 
 7
 It is so ordered.
 
 
 
 [1]
 The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota
 
 
 [2]
 Taxpayer states,
 In adjudicating this case, the Appeals Court should clear the air on some pertinent issues:
 (1) Is Title 26 a civil code? Yes or No
 (2) Is Title 26 a criminal code? Yes or No
 (3) Is it legal for a United States Court to mix civil and criminal prosecutions? Yes or No
 The answers to 1 and 2 are both yes because Title 26 contains both civil and criminal provisions. E. g., United States v. Russell, No. 79-1722 (8th Cir. Dec. 26, 1979) (unpublished order); United States v. Campbell, No. 79-1807 (8th Cir. Nov. 16, 1979) (unpublished order). Since the instant proceeding is civil, and no criminal charge is involved, resolution of the third issue is irrelevant to this case.
 
 
 [3]
 The government claims the issue is raised by taxpayer in his notice of appeal, and indeed the notice does state that taxpayer is appealing, inter alia, the order granting the stay. Nevertheless, the taxpayer in his brief on appeal does not even mention the stay or the order granting the stay, much less contest that order