**UNITED STATES of America and Bradley P. Whites, Special Agent of the Internal Revenue Service, Appellees,**

v.

**NORTHWESTERN NATIONAL BANK, through Wallace B. Hanson, Vice–President; and First Baltic Branch, First National Bank of Sioux Falls, through Lynn Aspaas, Vice–President, Respondents,**

v.

**Robert A. LARSEN, Intervenor–Appellant.**

**No. 80–1559.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1980.

Decided Nov. 14, 1980.

Robert A. Larsen, appellant–without counsel.

M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Daniel F. Ross, Philip I. Brennan, Attys., Tax Division, Dept. of Justice, Washington, D.C., filed brief, for appellees; Terry L. Pechota, U.S. Atty., of counsel.

Before BRIGHT, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant, Robert A. Larsen (Taxpayer), appeals from an order of the district court [1]

1. The Honorable Fred J. Nichol, United States Senior District Judge for the District of South Dakota.

enforcing two IRS summonses for the purpose of determining his income tax liability for 1977–78. Taxpayer in his *pro se* appeal asserts three principal challenges to the enforcement of the summonses: (1) the constitutionality of the IRS to issue the summonses and of the district court to enforce them; (2) the authority of the IRS and the jurisdiction of the district court on the basis that Federal Reserve notes are not legal tender and that only dollars containing gold or a mixture of gold and silver are constitutionally taxable; and (3) the issuance of the summonses was not in good faith. We affirm and dissolve the stay pending appeal.

■ Taxpayer's constitutional challenge to the authority of the IRS to issue summonses and of the district court to enforce them is in reality a constitutional attack on the underlying statutory authority of the IRS, 26 U.S.C. § 7602, and of the district court, 26 U.S.C. §§ 7402(b) and 7604(a). Taxpayer's constitutional attack on these statutes is without merit. Our court upheld the constitutionality of the challenged statutes in *United States v. National Bank of South Dakota*, 620 F.2d 193 (8th Cir. 1980). In addition, Taxpayer's arguments that Federal Reserve notes are not taxable dollars and that the only "legal tender dollars" are those which contain a mixture of gold and silver have been consistently rejected by this court. *United States v. Moon*, 616 F.2d 1043, 1047–48 (8th Cir. 1980).

Finally, Taxpayer has also failed to overcome the government's prima facie showing of good faith. Through the testimony of its agent, Bradley P. Whites, at the show cause hearing, the IRS made a prima facie showing that (1) the investigation was being conducted for a legitimate purpose; (2) the inquiry was relevant to that purpose; (3) the information sought was not already in the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been properly followed. *United States v. LaSalle National Bank*, 437 U.S. 298, 313–14, 98 S.Ct. 2357, 2365–66, 57 L.Ed.2d 221 (1978).

■ Taxpayer asserts that the sole purpose of the investigation was criminal. In support of this assertion, he points to the testimony of Special Agent Bradley P. Whites that the investigation was conducted through the Criminal Investigation Division of the IRS, and to a letter dated March 3, 1980, which he received from the group manager of the Criminal Investigation Division notifying Taxpayer that he was being investigated for possible criminal violations and for a determination of his income tax liability for 1977–78. The letter also reminded Taxpayer of his fifth amendment rights and warned him that any information or documents that he may turn over to the IRS might be used against him if a criminal proceeding would ever be undertaken.[2] This evidence only proves that a joint criminal and civil investigation was undertaken. It does not prove bad faith, especially in the light of the additional testimony of Agent Whites that the investigation was carried on in cooperation with the Examination Division and that the IRS had not recommended a criminal prosecution of Taxpayer to the Department of Justice. Noting the inseparability of criminal and civil goals in an IRS investigation, the courts have been extremely reluctant to find bad faith in the absence of a recommendation of a criminal prosecution to the Department of Justice. *See, e. g., United*

---

2. The relevant parts of the letter read:

As you know, you are being investigated for possible criminal violations of the Internal Revenue Code for 1977 and 1978. This includes a determination of your correct income tax liability for those years. On January 8, 1980 Mr. Whites attempted to talk to you about this in Sioux Falls; however, you refused to talk to him.

\* \* \* \* \* \*

This letter does not constitute your solicitation for corrected or amended tax returns from you. You are still under investigation for possible criminal violations of the Internal Revenue laws, and as such you should be aware of your rights under the 5th Amendment to the U. S. Constitution. Thus, any information or documents you may send to us could be used against you in any criminal proceedings which may be undertaken. In this regard, you may wish to seek the assistance of an attorney before responding in the future.

States v. First National Bank of New Jersey, 616 F.2d 668, 671 (3d Cir. 1980). While there might be some extraordinary circumstances with which a taxpayer might prove bad faith in the absence of a recommendation to prosecute, Taxpayer has failed to prove any such extraordinary circumstance. See United States v. Garden State National Bank, 607 F.2d 61, 66–70 (3d Cir. 1979); United States v. Genser, 595 F.2d 146 (3d Cir. 1979) (Genser II).

We conclude that the district court properly ordered the summonses enforced. The order of the district court enforcing the summonses is affirmed and the stay pending appeal is dissolved.