652 F.2d 780
 80-2 USTC P 9837
 UNITED STATES of America and Joan M. Van Den Berg, Special
Agent, Internal Revenue Service, Petitioners-Appellants,
v.
BANK OF CALIFORNIA; Capitol Federal Savings & Loan; Bank of
America; River City Bank; Home Savings & Loan;
Security Pacific National Bank; Wells
Fargo Bank, Respondents,
and
Richard W. (Dick) Rylander, Sr., Intervenor-Appellee.
 Nos. 79-4671, 79-4460.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 16, 1980.
Decided Nov. 24, 1980.
 
 Richard W. Rylander, Sr., Sacramento, Cal., for petitioners-appellants.
 William A. Whitledge, Washington, D. C., for intervenor-appellee; M. Carr Ferguson, Washington, D. C., on brief.
 Appeal from the United States District Court for the Eastern District of California.
 Before WRIGHT, WALLACE and FERGUSON, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 Taxpayer Rylander challenges the district court's jurisdiction to enforce Internal Revenue Service (IRS) summonses to third-party banks and the validity of the summonses. The government cross-appeals from the court's refusal to enforce summonses for the third-party banks' retained copies of Form 1099. We affirm.
 
 FACTS
 
 2
 In early 1979, the IRS assigned Special Agent Joan M. Van Den Berg to conduct a joint civil and criminal investigation to determine the correct income tax liabilities for Richard W. Rylander, Sr. and the corporation of which he is president. As a part of her investigation, she issued eleven (11) summonses to third-party banks requesting their records relevant to the taxpayers' liabilities.
 
 
 3
 Acting on Rylander's instructions, the banks refused to comply. The government and Agent Van Den Berg then petitioned the district court to enforce the summonses. In her affidavit, Agent Van Den Berg stated: (1) the purpose of the investigation was to ascertain the taxpayers' correct income tax liabilities; (2) the information sought was not in her possession; (3) the information was relevant to the investigation; and (4) all administrative steps had been followed.
 
 
 4
 Rylander intervened in the summons enforcement proceeding and moved to dismiss it for lack of jurisdiction. He alleged the court could not enforce the summonses because the federal government had no constitutional authority to bring civil actions against citizens. The court denied his motion.
 
 
 5
 During the proceeding, Agent Van Den Berg testified about the government's need for the information requested in the summonses and its compliance with the requirements for enforcement. In response to questions from the court about Form 1099, she admitted the government had the forms but stated retrieval would be difficult and expensive. The court ordered enforcement of the summonses with the exception of those requesting copies of Form 1099.
 
 DISCUSSION
 1. Jurisdiction
 
 6
 Rylander's jurisdictional challenge mirrors one recently presented by a taxpayer to the Tenth Circuit. In United States v. Fahey, 614 F.2d 690, 691 (10th Cir. 1980), a taxpayer alleged the district court lacked jurisdiction to enforce IRS summonses because the government has no constitutional authority to bring a civil action. The Tenth Circuit acknowledged the argument was creative, but dismissed it as frivolous. Id.
 
 
 7
 We agree with that court's evaluation.[1] The district court properly held it had jurisdiction to enforce the IRS summonses.
 
 2. The Summonses
 
 8
 Rylander also contends the IRS did not issue the summonses in good faith. Because he raises this argument for reversal for the first time on appeal, we need not consider it unless we must do so to prevent a manifest injustice. Friedman and Jobusch, Architects and Engineers v. Commissioner of Internal Revenue, 627 F.2d 175 at 177 (9th Cir., 1980).
 
 
 9
 There is little to suggest how our refusal to consider this challenge works a manifest injustice. The district court responded to the IRS's petition for enforcement by ordering all interested parties to show cause why the summonses should not be enforced. Rylander participated in the proceeding and questioned Agent Van Den Berg about the IRS's motives for investigating him but refrained from arguing the investigation was not in good faith. Any injustice he may now feel is attributable to his own failure to avail himself of the opportunity to present this argument in the appropriate proceeding.
 
 
 10
 Even if we considered the merits of this argument, it would not support reversal. The record contains ample evidence the IRS issued the summonses in good faith pursuit of a legitimate purpose. See United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-55, 13 L.Ed.2d 112 (1964).[2]
 
 
 11
 Rylander's argument allegedly disproving good faith is that Agent Van Den Berg's assignment to the Criminal Investigation Division of the IRS establishes she issued the summonses solely to further the criminal investigation. This argument fails to discharge his heavy burden of negating the IRS's asserted objective of ascertaining his correct income tax liability. United States v. La Salle National Bank, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978); Wild v. United States, 362 F.2d 206, 209 (9th Cir. 1966). It merely illuminates the interrelationship of civil and criminal objectives in IRS investigations, which is insufficient to invalidate enforcement of summonses. La Salle, supra.
 
 3. Form 1099
 
 12
 The government's cross-appeal presents a question of first impression for this circuit. We are asked to decide whether a summons for copies of Form 1099 is enforceable when the form is already in the government's actual possession, but is difficult to retrieve.
 
 
 13
 The prima facie requirements for enforcement of an IRS summons include a showing that the information requested "is not already within the Commissioner's possession." Powell, supra.
 
 
 14
 The trial record shows the taxpayers' 1099 forms are in the physical possession of the IRS. Agent Van Den Berg testified they are at the Fresno Service Center, but they would be difficult and expensive to retrieve. There was no testimony that reasonable inquiry had failed to locate the forms or that the IRS filing procedures rendered the documents inaccessible.
 
 
 15
 The district court held the government's difficulty in finding the forms does not alter the fact that they are in its possession. It refused to enforce the summons for those forms.
 
 
 16
 On appeal, the government argues the forms are impossible to retrieve and therefore the information contained therein is not in the Commissioner's possession. This argument was not made to the trial court and the government offered no evidence to support it. To add it to the record now
 
 
 17
 would hardly be appropriate in view of the fact that our action on appeal can properly be based only upon a record considered by the trial court. It would be inappropriate for us to reverse the trial court on the basis of facts not incorporated in the record which the trial court considered at the time of its decision.
 
 
 18
 Creamette Company v. Merlino, 289 F.2d 569, 570 (9th Cir. 1961).[3]
 
 
 19
 Finally, we find Agent Van Den Berg's affidavit in support of the petition for enforcement of the summonses is inadequate. Powell mandates the affidavit asserts the information sought is not in the possession of the IRS. 379 U.S. at 57-58, 85 S.Ct. 248, 254-55, 13 L.Ed.2d 112. Agent Van Den Berg's statement it was not in her possession does not suffice. See United States v. Horton, 629 F.2d 577 at 578 (9th Cir., 1980).
 
 
 20
 We conclude the district court was not clearly erroneous in determining the IRS had not shown Form 1099 was not in the Commissioner's possession as required by Powell.
 
 
 21
 Affirmed.
 
 
 
 [1]
 We note additionally it is well settled IRS summonses to third-party banks are enforceable and do not infringe on constitutional rights. Couch v. United States, 409 U.S. 322, 335-36, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973); United States v. National Bank of South Dakota, 620 F.2d 193, 195 (8th Cir. 1980); Kelley v. United States, 536 F.2d 897, 899 (9th Cir. 1976), cert. denied, 429 U.S. 1047, 97 S.Ct. 756, 50 L.Ed.2d 762 (1977)
 
 
 [2]
 The other prerequisite to the enforcement of an IRS summons is that the IRS must issue it before recommending criminal prosecution of the taxpayer to the Department of Justice. United States v. La Salle National Bank, 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978). Rylander does not allege nor does the record indicate the IRS has not complied with this requirement
 
 
 [3]
 We decline to follow United States v. First National Bank of New Jersey, 616 F.2d 668 (3d Cir.), cert. denied, sub nom., Levey v. United States, 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980) which held the practical inaccessibility of the 1099 forms rendered them not in the Commissioner's possession. The court based its finding of inaccessibility on representations made by the government during oral argument which were not a part of the record considered by the trial court. Id. at 673-74